UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:16 cr 264 T33tew

v.

GREGGORY JACKSON,
DUSTIN "DREY" CHENNELLS,
MICHAEL AYOTUNDE,
TASHIMA KENNY,
IRIS AYALA, and
NALITA RAJKUMAR

18 U.S.C. § 1349
42 U.S.C. § 1320a-7b(b)(1)(a)
42 U.S.C. § 1320a-7b(b)(2)(a)
18 U.S.C. § 1957
18 U.S.C. § 982 (forfeiture)
18 U.S.C. § 981 (forfeiture)
28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### A.    The TRICARE Program

1.    TRICARE was a health care program of the United States Department of Defense ("DOD") Military Health System that provided coverage for DOD beneficiaries worldwide, including active duty service members, National Guard and Reserve members, retirees, their families, and survivors. Individuals who received health care benefits through TRICARE were referred to as TRICARE beneficiaries. The Defense Health Agency ("DHA"), an agency of the DOD, was the military entity responsible for overseeing and administering the TRICARE program.

2.    TRICARE was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), that affected commerce, and as that term is used in Title 18, United States Code, Section 1347.

3.    TRICARE was a "health care benefit program," as defined by Title 42, United States Code, Section 1320a-7b(t), that affected commerce, and as that term is used in Title 42, United States Code, Section 1320a-7b(b).

4.    TRICARE provided coverage for certain prescription drugs, including certain compounded drugs, that were medically necessary and prescribed by a licensed medical professional. Express Scripts, Inc. ("Express Scripts") administered TRICARE's prescription drug benefits.

5.    TRICARE beneficiaries could fill their prescriptions through military pharmacies, TRICARE's home delivery program, network pharmacies, and non-network pharmacies. If a beneficiary chose a network pharmacy, the pharmacy would collect any applicable co-pay from the beneficiary, dispense the drug to the beneficiary, and submit a claim for reimbursement to Express Scripts, which would in turn adjudicate the claim and reimburse the pharmacy directly or through a Pharmacy Services Administrative Organization ("PSAO"). Good Neighbor Pharmacy Provider Network ("Good Neighbor") was a PSAO that contracted with Express Scripts. To become a network pharmacy, a pharmacy agreed to be bound by, and comply with, all applicable State and Federal laws, specifically including those addressing fraud, waste, and abuse.

2

### B.   Compound Drugs Generally

6.     In general, "compounding" is a practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug or multiple drugs to create a drug tailored to the needs of an individual patient.  Compounded drugs are not approved by the U.S. Food and Drug Administration ("FDA"); that is, the FDA does not verify the safety, potency, effectiveness, or manufacturing quality of compounded drugs. The Florida State Board of Pharmacy regulates the practice of compounding in the State of Florida.

7.     Compounded drugs may be prescribed by a physician when an FDA-approved drug does not meet the health needs of a particular patient.  For example, if a patient is allergic to a specific ingredient in an FDA-approved medication, such as a dye or a preservative, a compounded drug can be prepared excluding the substance that triggers the allergic reaction. Compounded drugs may also be prescribed when a patient cannot consume a medication by traditional means, such as an elderly patient or child who cannot swallow an FDA-approved pill and needs the drug in a liquid form that is not otherwise available.

### C.   Business Entities

8.     Life Worth Living Foundation, Inc., d/b/a Life Worth Living Pharmacy ("Life Worth Living Pharmacy") was a Florida corporation incorporated

3

on or about June 29, 2009, that had a principal place of business at 6488 Currin Drive, #100, Orlando, Orange County, Florida. Life Worth Living Pharmacy was a pharmacy that provided compounded drugs to TRICARE beneficiaries and contracted with Good Neighbor PSAO. Life Worth Living Foundation, d/b/a Life Worth Living Pharmacy, maintained bank accounts with Regions Bank, including account number ending 8664.

9.    DMA Logistics LLC was a Florida limited liability company established on or about March 14, 2014, that had a principal place of business at 6488 Currin Drive, Suite C, Orlando, Orange County, Florida. DMA Logistics was a telemarketing call center doing business as Nation Wide Meds. DMA Logistics maintained a bank account with SunTrust Bank, account number ending 2175.

10.    Nation Wide Meds was a fictitious name registered with the State of Florida on or about September 11, 2014. Nation Wide Meds was a telemarketing call center.

11.    National Business Strategies, Inc. was a Florida corporation incorporated on or about November 20, 2014, that had a principal place of business at 115 E. Van Fleet Drive, Bartow, Polk County, Florida. National Business Strategies was a shell company. National Business Strategies maintained a bank account with Mid-Florida Credit Union, account number ending 6647.

4

12.    Axial Agency, Inc. was a Florida corporation incorporated on or about March 3, 2014, that had a principal place of business at 36934 N. Thrill Hill Road, Mount Dora, Lake County, Florida.  Axial Agency purported to be a talent agency and to provide practice management and consulting services in the health care industry.  Axial Agency maintained a bank account with SunTrust Bank, account number ending 1441.

13.    Pharmco Consulting LLC was a Florida limited liability company established on or about May 1, 2015, that had a principal place of business at 445 Bluejay Way, Orlando, Orange County, Florida.  Pharmco Consulting was a shell company.

### D.    Defendants

14.    Defendant GREGGORY JACKSON was a manager of DMA Logistics, a/k/a Nation Wide Meds, and controlled National Business Strategies. GREGGORY JACKSON maintained signature authority on a bank account for DMA Logistics with SunTrust Bank, account number ending 2175, and established and maintained signature authority on a bank account for National Business Strategies with Mid-Florida Credit Union, account number ending 6647.

15.    Defendant DUSTIN "DREY" CHENNELLS was a manager of DMA Logistics, a/k/a Nation Wide Meds and was variously President and Vice President at Axial Agency.

16.    Defendant MICHAEL AYOTUNDE was a pharmacist licensed in the State of Florida and was the President of Life Worth Living Foundation, doing

5

business as Life Worth Living Pharmacy.  MICHAEL AYOTUNDE maintained signature authority on bank accounts for Life Worth Living Foundation with Regions Bank, which accounts he used for Life Worth Living Pharmacy, including account number ending 8664.

17.   Defendant TASHIMA KENNY, a/k/a Tashima Lyles and Tashima Lyles-Wallace, was a Managing Member of Pharmco Consulting.

18.   Defendant IRIS AYALA was a physician licensed in the State of Florida.

19.   Defendant NALITA RAJKUMAR was a physician assistant licensed in the State of Florida.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.   Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.   Beginning in or around June 2014 and continuing through in or around December 2015, in the Middle District of Florida, and elsewhere, the defendants,

GREGGORY JACKSON,
DUSTIN "DREY" CHENNELLS,
MICHAEL AYOTUNDE,
TASHIMA KENNY
IRIS AYALA, and
NALITA RAJKUMAR,

6

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

a.      To knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery and payment for health care benefits, items and services, in violation Title 18, United States Code, Section 1347; and

b.      To knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writing, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3.      It was a purpose and object of the conspiracy for the Defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) causing the submission of false and fraudulent claims to TRICARE; (b) concealing the submission of false and fraudulent claims to TRICARE and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the Defendants and their co-conspirators.

## Manner and Means of the Conspiracy

The manner and means by which the Defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4.      GREGGORY JACKSON, DUSTIN "DREY" CHENNELLS, TASHIMA KENNY, and their co-conspirators would operate the DMA Logistics, a/k/a Nation Wide Meds, call center, including through the use of wire communications in interstate commerce, to generate false and fraudulent prescriptions for compounded drugs for TRICARE beneficiaries.

5.      GREGGORY JACKSON, DUSTIN "DREY" CHENNELLS, and TASHIMA KENNY, and their co-conspirators would give, and cause to be given, prescriptions for compounded drugs for TRICARE beneficiaries to licensed medical professionals including IRIS AYALA and NALITA RAJKUMAR for them

8

to sign and return to DMA Logistics, a/k/a Nation Wide Meds, without having legitimate provider-patient interactions.

6.    GREGGORY JACKSON, DUSTIN "DREY" CHENNELLS, and their co-conspirators would pay and cause to be paid kickbacks to licensed medical professionals including IRIS AYALA and NALITA RAJKUMAR in exchange for signing prescriptions for compounded drugs for TRICARE beneficiaries.

7.    IRIS AYALA and NALITA RAJKUMAR would sign prescriptions they received from DMA Logistics, a/k/a Nation Wide Meds, for compounded drugs for TRICARE beneficiaries even though they did not have legitimate provider-patient interactions with the TRICARE beneficiaries.

8.    IRIS AYALA and NALITA RAJKUMAR would receive kickback payments from GREGGORY JACKSON and DUSTIN "DREY" CHENNELLS in exchange for signing prescriptions for compounded drugs for TRICARE beneficiaries.

9.    GREGGORY JACKSON, DUSTIN "DREY" CHENNELLS, TASHIMA KENNY, and their co-conspirators would provide, and cause to be provided, signed prescriptions for compounded drugs for TRICARE beneficiaries to MICHAEL AYOTUNDE at Life Worth Living Pharmacy.

10.    MICHAEL AYOTUNDE, TASHIMA KENNY, and their co-conspirators would submit and cause the submission of false and fraudulent reimbursement claims to TRICARE on behalf of Life Worth Living Pharmacy, including through the use of wire communications in interstate commerce, based

9

on prescriptions received from DMA Logistics, a/k/a Nation Wide Meds, for compounded drugs for TRICARE beneficiaries that were not legitimately prescribed.

11. MICHAEL AYOTUNDE would receive payment on behalf of Life Worth Living Pharmacy from TRICARE as reimbursement on the false and fraudulent claims for compounded drugs.

12. GREGGORY JACKSON, MICHAEL AYOTUNDE, and their co-conspirators would maintain bank accounts that were used to receive, transfer, and disburse proceeds of the fraud scheme and to pay and receive kickbacks in furtherance of the fraud scheme.

13. MICHAEL AYOTUNDE would pay and cause to be paid kickbacks to co-conspirators including GREGGORY JACKSON and DUSTIN "DREY" CHENNELLS, through DMA Logistics and NBS, in exchange for prescriptions for compounded drugs for TRICARE beneficiaries.

14. GREGGORY JACKSON, DUSTIN "DREY" CHENNELLS, MICHAEL AYOTUNDE, TASHIMA KENNY, IRIS AYALA, NALITA RAJKUMAR, and their co-conspirators would perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of, and the acts done in furtherance of, said conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 and 3
### (Receipt of Kickbacks in Connection with a Federal Health Care Benefit Program)
### (42 U.S.C. § 1320a-7b(b)(1)(A))

1.      Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates set forth below in each count, in the Middle District of Florida, and elsewhere, the defendant,

GREGGORY JACKSON,

acting in concert with others, did knowingly and willfully solicit and receive remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, in return for referring an individual to a pharmacy for the furnishing and arranging for the furnishing of prescription compounded drugs, for which payment may be made in whole and in part by TRICARE, as set forth below:

| Count | Defendant | Approximate Date | Approximate Kickback Amount |
|---|---|---|---|
| 2 | GREGGORY JACKSON | January 6, 2015 | $138,289.99 |
| 3 | GREGGORY JACKSON | April 7, 2015 | $14,644.47 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A) and Title 18, United States Code, Section 2.

11

## COUNTS 4 and 5
### (Payment of Kickbacks in Connection with a Federal Health Care Benefit Program)
### (42 U.S.C. § 1320a-7b(b)(2)(A))

1.     Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates set forth below in each count, in the Middle District of Florida, and elsewhere, the defendant,

GREGGORY JACKSON,

acting in concert with others, did knowingly and willfully offer and pay any remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, to a person to induce such person to refer an individual for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by TRICARE, as set forth below:

| Count | Defendant | Approximate Date | Approximate Kickback Amount |
|-------|-----------|------------------|------------------------------|
| 4 | GREGGORY JACKSON | February 13, 2015 | $500.00 |
| 5 | GREGGORY JACKSON | April 17, 2015 | $900.00 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

12

## COUNTS 6 through 8
### Money Laundering
### (18 U.S.C. § 1957)

1.    Paragraphs 1 through 19 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about the dates set forth below in each count, in the Middle District of Florida, and elsewhere, the defendants,

GREGGORY JACKSON and
TASHIMA KENNY

acting in concert with others, did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity:

| Count | Defendant | On or About Date | Monetary Transaction |
|---|---|---|---|
| 6 | GREGGORY JACKSON | April 21, 2015 | The withdrawal of $26,000 via check number 1009 payable to "Axial Agency" from National Business Strategies' Mid-Florida Credit Union account ending 6647. |
| 7 | GREGGORY JACKSON | June 12, 2015 | The withdrawal of $55,682.92 via check number 1212 payable to "Gregg Jackson" from DMA Logistics' SunTrust Bank account ending 2175. |
| 8 | TASHIMA KENNY | May 16, 2015 | The deposit of $23,000 via check number 1012 payable to "Pharmco Consulting" from National Business Strategies' Mid-Florida Credit Union account ending 6647. |

13

It is further alleged that the specified unlawful activity is conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349, health care fraud, in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE

1.    All of the allegations contained above are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in Count One of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 982(a)(7) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3.    Upon conviction of a violation of Title 42, United States Code, Section 1320a, as alleged in Counts Two through Five of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that

14

constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense

4.    Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in Counts Six through Eight of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

4.    The property to be forfeited includes, but is not limited to, the following:

a.    A forfeiture money judgment of at least $5,792,210.

b.    The contents of Regions Bank account number ending 8664 held in the name of Life Worth Living Foundation.

c.    The contents of Regions Bank account number ending 9470 held in the name of Jaden A. Ayotunde by Elizabeth Ayotunde Custodian, FUTMA.

d.    The contents of Regions Bank account number ending 9489 held in the name of Jania O. Ayotunde by Elizabeth Ayotunde Custodian, FUTMA.

e.    The contents of Regions Bank account number ending 6288 held in the names of MICHAEL AYOTUNDE and Elizabeth Ayotunde.

15

f.    The contents of Regions Bank account number ending 5251 held in the name of Life Worth Living Foundation.

g.    The contents of SunTrust Bank account number ending 2175 held in the name of DMA Logistics.

h.    The contents of Mid Florida Credit Union account number ending 6647 held in the name of National Business Strategies.

i.    The contents of Stanbic IBTC Bank PLC, Lagos, Nigeria, account number 34760.

j.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements located at 7024 Sawmill Boulevard, Orlando, Florida, more particularly described as N1/2 OF N1/2 OF SW1/4 OF NE1/4 (LESS PT W OF RR R/W) & N1/4 OF NW1/4 OF NW1/4 OF SE1/4 OF NE1/4 LYING W OF NE1/4 LYING W OF RD IN SEC 03-22-28.

k.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements located at 5142 N. Apopka Vineland Road, Orlando, Florida, more particularly described as NW1/4 OF NE1/4 E OF RY (LESS N 814 FT) & S 2 ACRES OF N 814.2 FT OF SAID NW1/4 OF NE1/4 E OF RR (LESS E 871.2 FT

16

OF S 300 FT THEREOF & LESS S 100 FT OF N 914.2 FT

OF E 230 FT OF SAID NW1/4 OF NE1/4 & LESS R/W ON

E)IN SEC 3-22-28.

l.    All that lot or parcel of land, together with its buildings,

appurtenances, improvements, fixtures, attachments and

easements located at 6488 Currin Drive, Orlando, Florida,

more particularly described as  REPLAT OF TRACT 9

METROWEST 20/139 LOT 1.

5.    If any of the property described above, as a result of any act or

omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third

party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28,

United States Code, Section 2461(c).

A TRUE BILL,

FOREPERSON

A. LEE BENTLEY, III
United States Attorney

By: _____

CHRISTOPHER J. HUNTER
Senior Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

By: _____

ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

No. 8:16-cr-

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

GREGGORY JACKSON,
DUSTIN "DREY" CHENNELLS,
MICHAEL AYOTUNDE,
TASHIMA KENNY,
IRIS AYALA, and
NALITA RAJKUMAR

## INDICTMENT

Violations:
18 U.S.C. § 1349
42 U.S.C. § 1320a-7b(b)(1)(a)
42 U.S.C. § 1320a-7b(b)(2)(a)
18 U.S.C. § 1957

A true bill,

*M. Elise Wilson*

Foreperson

Filed in open court this 9th day

of June, 2016.

_____
Clerk

Bail $_____

GPO 863 525